IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAVIER MURILLO GURROLA,

        Plaintiff,

vs.

TYSON FRESH MEATS, INC.,

        Defendant.

8:13CV312

**FINDINGS AND RECOMMENDATION**

This matter comes before the court on the plaintiff's Motion to Remand (Filing No. 7). The plaintiff filed a brief (Filing No. 7-1) in support of the motion. The defendant filed a brief (Filing No. 8) and an index of evidence (Filing No. 9) in opposition to the motion. The plaintiff filed a brief (Filing No. 11) in reply.

**BACKGROUND**

This case arises out of the employment relationship between the parties. **See** Filing No. 1-1 - Complaint. The defendant, who operates a meat packing plant in Lexington, Nebraska, employed the plaintiff from September 21, 2010, until his termination on June 4, 2013. *Id.* ¶¶ 1-2. Prior to his termination, the plaintiff developed pain in his left wrist, which began on May 31, 2012. *Id.* ¶ 10. The plaintiff sought treatment under the Nebraska Worker's Compensation Act. *Id.* Although his doctor, Scott Carroll (Dr. Carroll), recommended surgery, the plaintiff refused surgery and was released to work. *Id.* ¶¶ 11-13. On February 6, 2013, the plaintiff developed a hernia from his work duties. *Id.* ¶ 14. On February 28, 2013, the plaintiff reported to his employer he was suffering problems with his right hand, which were caused by overuse due to a left arm injury. *Id.* ¶ 15, 17. The plaintiff alleges the defendant persuaded him to choose Dr. Carroll and denied his request for another doctor to treat him and perform surgery on his wrist. *Id.* ¶¶ 18-20. Ultimately, the plaintiff retained an attorney, commenced an action in Nebraska Worker's Compensation Court (NWCC), and moved, in the NWCC, to choose his own doctor, Daniel Cullen (Dr. Cullen). *Id.* ¶¶ 18-24. The motion was granted. *Id.* ¶ 24. On May 17, 2013, when the plaintiff's Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (FMLA), leave was about to expire, the

plaintiff submitted a written request for extended leave.  *Id.* ¶ 25.  The defendant denied the plaintiff's request for extended leave.  *Id.* ¶ 26.  The plaintiff alleges the defendant denied the leave in bad faith as retaliation for the plaintiff exercising his right to choose his preferred doctor and hire an attorney.  *Id.* ¶ 26.  The plaintiff alleges other employees, who did not choose a different doctor or hire an attorney, received extended leave.  *Id.* ¶ 27.  The plaintiff alleges the defendant's stated reason for his termination, i.e., failure to provide doctor's verification he was unable to work, was a pretext in light of the defendant's wrongful denial of the plaintiff's treatment on his right wrist.  *Id.* ¶ 29.  Nevertheless, the plaintiff alleges Dr. Carroll restricted the plaintiff from any use of his right arm by March 14, 2013, which restriction the defendant had knowledge of prior to his termination.  *Id.* ¶ 30.  Based on these facts, the plaintiff alleges his status as an injured worker was a motivating factor for the defendant terminating him.  The plaintiff seeks "monetary relief including but not limited to back pay, front pay, compensatory and punitive damages."  *Id.* at 5.  The plaintiff does not state a specific amount of damages.  *Id.*  The defendant denies liability.  **See** Filing No. 10 - Answer.

The plaintiff filed his lawsuit on September 9, 2013, in the District Court of Dawson County, Nebraska.  **See** Filing No. 1-1 - Complaint.  On October 11, 2013, the defendant removed the case to the United States District Court for the District of Nebraska.  **See** Filing No. 1 - Notice of Removal.  The defendant alleges this action is removable pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  **See** *id.* ¶ 8.  On October 25, 2013, the plaintiff filed the instant motion to remand arguing this court lacks jurisdiction because the defendant has failed to produce any evidence to sustain its burden the claim meets the amount in controversy requirement.  **See** Filing No. 7-1 - Brief p. 1.  Additionally, the plaintiff argues Dawson County is a more convenient location for the plaintiff and other witnesses and the subject matter is primarily a state concern as it relates to a worker's compensation claim.  *Id.*  For the reasons set forth below, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied.[1]

---

[1] The court is entering this Findings and Recommendation in this matter due to the recommended dismissal of a party and in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand.  **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517

## ANALYSIS

The court must look to a federal statute to determine if an action was properly removed to federal court. The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The defendant removed this action based on diversity jurisdiction. The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). The parties do not dispute the parties are citizens of different states. The plaintiff is a resident of Nebraska and the defendant is a Delaware corporation with its principal place of business in Arkansas. **See** Filing No. 1 - Notice of Removal ¶ 5; Filing No. 1-1 - Complaint ¶¶ 1-2. Accordingly, the court need only determine whether the amount in controversy requirement has been met. "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction [by a preponderance of the evidence]; all doubts about federal jurisdiction must be resolved in favor of remand[.]" ***Cent. Iowa Power***

---

(6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), ***Williams v. Beemiller, Inc.***, 527 F.3d 259 (2d Cir. 2008), ***Stefanik v. City of Holyoke***, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and ***Johnson v. Tyson Fresh Meats, Inc.***, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** ***White v. State Farm Mut. Auto. Ins. Co.***, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In ***Vogel***, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

***Vogel***, 258 F.3d at 517. **Accord** ***First Union Mortg. Corp. v. Smith***, 229 F.3d 992 (10th Cir. 2000); ***In re U.S. Healthcare***, 159 F.3d 142, 145 (3d Cir. 1998); **see also** ***Meier v. Premier Wine & Spirits, Inc.***, 371 F. Supp. 2d 239, 241-42 (E.D. N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

***Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.***, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted); **see also** *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

When, as in the instant matter, damages are not fully specified in the state court complaint, the removing party "has the burden of proving that the amount in controversy exceeds the jurisdictional minimum." ***Bell v. Hershey Co.***, 557 F.3d 953, 956 (8th Cir. 2009). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. ***Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach***, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); ***Keene Corp. v. United States***, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); ***Hargis v. Access Capital Funding, LLC***, 674 F.3d 783, 789 (8th Cir. 2012) ("It is axiomatic that the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal."). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . .'" ***Bell***, 557 F.3d at 958. When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. **See** ***Hargis***, 674 F.3d at 789-90. A plaintiff might meet that burden by citing a state law or a binding stipulation which limits the plaintiff's recovery of damages.

In this case, the face of the complaint does not state a specific amount of damages. **See** Filing No. 1-1. The plaintiff contends the defendant has wholly failed to present any facts or actual evidence in support of the amount in controversy. **See** Filing No. 7-1 - Brief p. 3; Filing No. 11 - Reply p. 1. Further, the plaintiff argues the matter is a state concern better resolved by the state court, which would be a more convenient forum for the plaintiff and other witnesses. **See** Filing No. 7-1 - Brief 4-5. Such factors are irrelevant to remand.

The defendant argues the types of damages sought by the plaintiff in the complaint are such that a fact-finder might legally conclude the damages exceed $75,000.  **See** Filing No. 8 - Response p. 4.  Specifically, the defendant shows that based on the plaintiff's earnings at the time of his termination, he would likely attempt to prove he was entitled to 72 weeks (assuming trial occurs at least 18 months after the plaintiff's termination) of back wages equaling $35,000.  *Id.* (**citing** Reynolds decl. showing the plaintiff earned $13.55 per hour and was expected to work 36 hours each week at the time of his termination).  Additionally, the defendant argues a jury may reasonably award the plaintiff front pay on his claim for retaliatory termination for one, two, or up to five years.  *Id.* (citing cases awarding front pay).  If front pay were awarded for a two-year period, the plaintiff would be entitled to $50,700.  *Id.*  Finally, the defendant contends the plaintiff's claim for compensatory damages may reasonably result in an award in a range from $20,000 to $75,000, based on relevant case law.  *Id.* at 5.

By contrast, the plaintiff argues one case relied upon by the defendant is inapposite.  In *Walker v. Lanoga Corp.*, No. 06-0148CV-W-FJG, 2006 WL 1594451, at *2 (W.D. Mo. June 9, 2006), the court determined the defendant had adequately established the amount in controversy would exceed the jurisdictional minimum when the back pay damages were $35,000 "*as of the date of removal*" and could then be combined with the other alleged damages including front pay and emotional damages.  The plaintiff does not attempt to show his claims do not exceed $75,000, but states the plaintiff's back pay would amount to roughly $7,500 at the time of removal.  **See** Filing No. 11 - Reply p. 2.  Although the *Walker* court stated the back pay amount as of the date of removal, the court evaluates the amount of the controversy based on the allegations in the complaint at the time of removal.  By distinction, the amount of damages are calculated by determining whether a plaintiff's verdict might reasonably and legally exceed $75,000.  "The amount in controversy in a wrongful discharge suit, then, includes what the plaintiff would have earned but for the termination of his employment, even if those sums had not yet become due at the time of removal."  *Lowe v. Sears Holding Corp.*, 545 F. Supp. 2d 195 (D. N.H. 2008) (**citing** *Hardemon v. City of Boston*, 144 F.3d 24, 26-27 (1st Cir. 1998) **and** *White v. FCI USA, Inc.*, 319 F.3d

5

672, 675-76 (5th Cir. 2003)). Accordingly, "it is necessary to determine the expected duration of litigation in deciding the overall amount in controversy" because "for an unlawful termination claim, the damages for back pay are calculated from the date of termination to the date of judgment." *Lucas v. Ultima Framingham LLC*, No. 1:12CV12380, 2013 WL 5405668, at *4 (D. Mass. Sept. 27, 2013).

The assertions in these initial pleadings and attached evidence permit the court to find it is more likely than not that the amount in controversy exceeds $75,000. The amount of the plaintiff's back pay can reasonably be estimated near $35,000, however even if the court assumes the amount to be $7,500, the defendant has met its burden. Under the circumstances, a fact finder might legally conclude the plaintiff's claims are valued between $25,000 and $126,000 for front pay and between $20,000 and $75,000 for compensatory damages. Consequently, based on federal diversity statutes and the attending case law, jurisdiction appears proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**
The plaintiff's Motion to Remand (Filing No. 7) be denied.

### ADMONITION

Pursuant to [NECivR 72.2](NECivR 72.2) any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 3rd day of December, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge